IN THE CIRCUIT COURT OF HUMPHREYS COUNTY,
TWENTY-FIRST CIRCUIT DISTRICT

MICHAEL KINGDOM                                                                 PLAINTIFF

VERSUS                                                                             CAUSE NO. 2019-0045

HUMPHREYS COUNTY, HUMPHREYS COUNTY
SHERIFF'S DEPARTMENT, CITY OF BELZONI,
RICKY SMITH And JOHN AND JANE DOES 1-10

**AMENDED COMPLAINT**
**(JURY TRIAL DEMANDED)**

FILED
TIMAKA J. JONES, CIRCUIT CLERK
MAY 03 2019

COMES NOW, MICHAEL KINGDOM, (Hereinafter sometimes referred to as 'MICHAEL' and/or PLAINTIFF) and for his respective causes of action against the Defendants, HUMPHREYS COUNTY, HUMPHREYS COUNTY SHERIFF'S DEPARTMENT ('HCSD') CITY OF BELZONI, RICKY SMITH and JOHN AND JANE DOES 1-10, (Hereinafter sometimes referred to as ('Defendants') jointly and severally, Humphreys County, Humphreys County Sheriffs Department and City of Belzoni, would respectfully show unto the Court the following facts, to wit:

### Parties

1.

The Plaintiff, MICHEAL KINGDOM, is an adult resident citizen of Hollandale, Washington County, Mississippi. Pursuant to the provisions of MISS. R. CIV. P. 5(b), he can be served with any responsive pleadings or any other documents relating to these proceedings by and through his attorney of record, Eric C. Hawkins, at his usual mailing address of P.O. Box 862, Greenville, Mississippi 38702-0862.

2.

That Defendant, HUMPHREY'S COUNTY, upon information and belief, is a entity located in the State of Mississippi which has been chartered and organized in accordance with the laws of the State of Mississippi. It may be issued process by serving the Office of Lawrence



Browder, Chancery Clerk, whose address is 102 Castleman Street, Belzoni, Mississippi 39038. The defendant Ricky Smith is an adult resident citizen of Humphrey's County and maybe process at 119 North Hayden Street, Belzoni, Mississippi 39038.

3.

That Defendant HUMPHREY'S COUNTY SHERIFF'S DEPARTMENT, upon information and belief, is a law enforcement agency organized under the laws of the State of Mississippi and may be issued lawful process of this Court by serving Lawrence Browder, Chancery Clerk, at 102 Castleman Street, Belzoni, Mississippi 39038.

4.

That Defendants JOHN AND JANE DOES 1-10, upon information and belief, are deputies/investigators and employees of the Belzoni County Sheriff's Department and may be issued process by serving the Office of Lawrence Browder, Chancery Clerk, at 102 Castleman Street, Belzoni, Mississippi 39038. Since there identity is unknown, Defendants John and Jane Doe 1-10 are fictitious Defendants, the true identity of each is unknown to Plaintiff, and who are parties herein pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. More specifically, John and Jane Doe(s) Defendants constitute the class of organizations, companies, or individual's unknown to Plaintiff at this time that through their negligence, conspiracy, concealment, or otherwise caused Plaintiff's damage or delayed Plaintiff's access to judicial relief. Plaintiff reserves the right to amend the Complaint when upon discovery of the true identity of each fictitious Defendant, with service of process to be executed on each party.

5.

That the Defendant, CITY OF BELZONI, is a municipality chartered and organized under the laws of the State of Mississippi and may be issued lawful process of this Court by serving Delores Harris, city clerk, at her mailing address of 102 West Jackson Street, Belzoni, MS 39038, and Carol Ivy, Mayor, whose address is also 102 West Jackson, Street, Belzoni, MS 39038.

## *Notice*

6.

That prior to the filing of this cause of action, Plaintiff provided a Notice of Claim to the Defendants, as required under the provisions of *Miss. Code Ann.* (1972 as amended) §11-46-11, *et. Seq.*,

7.

That the Notice of Claim was served in a timely manner and meets the requirements of *Miss. Code Ann.* (1972 as amended) §11-46-11, *et. Seq.*

## *Jurisdiction and Venue*

8.

That the Circuit Court of Humphrey's County, Mississippi Twenty First District, Belzoni, Mississippi, has jurisdiction of the subject matter of this *Complaint for Damages* and the causes of action stated herein, and the amount in controversy exceeds $50,000.00.

That the Circuit Court of Humphrey's County, Mississippi, twenty-first judicial circuit district, has in personam jurisdiction over all parties herein.

9.

Venue of this action is properly set in the Circuit Court of Humphrey's County, Mississippi, Twenty First Judicial District, in Belzoni, Mississippi.

### *Facts*

10.

At all relevant and material times hereinafter mentioned, the Defendants, Humphrey's County Sheriff's Department Deputies, individually and collectively, were employees and agents of Humphrey's County, Mississippi, and held the titles of Deputy Sheriffs of Humphrey's County.

11.

At all relevant and material times hereinafter mentioned, the Defendant, CITY OF BELZONI, was acting with the expressed authority of its Police Chief, Mayor, and the Board of Aldermen. That the Chief of Police, Mayor, and Board of Aldermen individually, and collectively, were employees and agents of the CITY OF BELZONI at all relevant and material times mentioned herein.

12.

That at all times relevant and mentioned herein, the PLAINTIFF, MICHEAL KINGDOM, was a full-time employee of the CITY OF BELZONI in Belzoni, Humphrey's County, Mississippi, and he held a full-time job as a law enforcement officer with the Belzoni Police Department.

13.

On or about November 18, 2018, the Defendant, Humphrey's County Sheriff's Department, was the recipient of a Complaint alleged by Ricky Smith. The complainant, Mr. Smith, stated that the Plaintiff, Michael Kingdom, had taken an items from his store. The complainant also alleged at the time the theft occurred, the Plaintiff was on duty and dressed in a police uniform and had his possession a police radio. According to Mr. Smith, he made demands for the item to be returned but that the Plaintiff refused. The facts further indicate that the Plaintiff paid a sum of money for the items received and that he was given a receipt by the store clerk, Suzette Bolton. That the Plaintiff tendered to the Complainant's employee a certain which was accepted but later learned that the store owner was demanding a return of an items he had lawfully purchased.

14.

That after accusing the Plaintiff of theft, the Complainant filed a charge with the Humphrey's County Sheriff's Department. That the sheriff's department conducted an investigation of the allegations against Michael Kingdom. That the during the course of its investigation, the sheriff's department discovered that the Plaintiff had in fact tendered payment to the Complainant in an amount which was easily ascertainable. That the sheriff's knew or should have known that the amount paid was in dispute and that the resulting facts as discovered by them should have not resulted in criminal charges being filed but amount to a civil dispute over an amount which was a nominal sum at best. That the dispute as stated by the Complainant did not constitute a larceny.

15.

That upon the Complaint of the Ricky Smith, a Warrant was issued for the arrest of Michael Kingdom on the charge of Petit Larceny or Simple Larceny, a misdemeanor offense under the laws of the State of Mississippi. The Defendant, Humphrey's County Sheriff's Department, knew or should have known and/or it was readily ascertainable from its investigation that the Defendant, Kingdom, was on duty when the incident was alleged to have been committed. That Pursuant to Section 99-3-28 of the Mississippi Code Annotated, the Sheriff's Department was required to request a hearing to determine probable cause in the Circuit Court of Humphrey's County, Mississippi prior to initiating an arrest of the Plaintiff. That the Defendant, Humphrey's County, acting by and through its agents and employees, certain unknown deputies, failure to establish probable cause constituted an unlawful arrest in violation of the Plaintiff's Fourth and Fourteenth Amendment rights to the United States Constitution. That the Defendants arrest of the Plaintiff, probable cause, further constituted a false arrest also in violation of the Plaintiff's constitutional rights as delineated in the Fourth and Fourth Amendments to the United States Constitution.

16.

That after having investigated the facts and allegations against the Plaintiff, said deputies continued to ignore the Section 99-3-28 of the Mississippi Code Annotated, and proceeded with a prosecution of the Plaintiff in the Justice Court of Humphrey's County Mississippi. That said statutory authority clearly states that if the law enforcement officer was in performance of official duties, a "probable cause hearing <u>shall</u> be held before a circuit court judge." That the sheriff deputies knew or should have known from their investigation that the Plaintiff was on duty, and that he was in a marked patrol car, in uniform and

carrying a police radio as a patrol officer. That he was on the clock for the City of Belzoni when the incident occurred, and that a probable cause hearing was required. Yet, Humphrey's County, by and through its agents and employees, including but not limited to the Humphrey's County Sheriff's Department, continued their prosecution of the Plaintiff. That failure to cease said prosecution in the Justice Court of Humphrey's County constituted a Malicious Prosecution in violation of both state and federal law. That said criminal charge was tried on the merits and was dismissed with Justice Court Judge stating in the record that " the elements necessary to establish Petit Larceny were not established."

17.

That subsequent to criminal charges being filed against the Plaintiff, Michael Kingdom, employment as a law enforcement officer with the City of Belzoni was immediately terminated. That the Plaintiff was notified by Mayor, Carol Ivy, that the Board of Alderman had made a determination that his employment be terminated all as a result of his arrest on the charge of Petit Larceny. That the Defendant, City of Belzoni, knew or should have known that said charges were dubious at best and that to terminate Plaintiff due to what amounted to a civil dispute was unlawful. That Plaintiff was specifically informed that his termination stemmed from his arrest on the charge of Petit Larceny and for no other reason. That it had been communicated to the Plaintiff that his employment would be reconsidered if the outcome was favorable. Upon a dismissal of the criminal charges, Plaintiff met with the Board of Aldermen and informed them that the charge had been resolved in his favor and was told that he would not be rehired due to other pending charges in circuit court. The Board of Alderman refused to reinstate the Plaintiff to his prior position although no other criminal charges were brought against the Plaintiff. Therefore,

the Plaintiff contends that his termination was unlawful and constitutes a wrongful termination in violation of both state and federal law.

Duties and Breaches
Count I
[Malicious Prosecution]

18.

The Plaintiff hereby adopts the allegations of fact contained in Paragraphs 1-17 hereinafter, the same as if fully and completely set forth herein.

19.

That the named Defendants, at their insistence, caused the criminal proceedings to be instituted against MICHEAL KINGDOM; that the Defendants had malice in instituting the proceedings; that there was a lack of probable cause for the institution of these criminal proceedings; that the proceedings were terminated in MICHEAL KINGDOM'S favor; and he suffered injuries and damages as a result of the prosecution of the criminal charges.

20.

In addition, the Defendants' conduct was grossly negligent, or outrageous, in that they either failed or refused to properly investigate the facts prior to filing the criminal charges against MICHEAL KINGDOM. As a result, the named Defendants acted with reckless and callous disregards for the rights of MICHEAL KINGDOM. The Defendants failed to seek a probable cause hearing as required by Section 99-3-28 of the Mississippi Code Annotated.

Causation

21.

As a direct and proximate result of the acts of omission and commission of the named Defendants as set forth above, Plaintiff MICHEAL KINGDOM suffered damages as are more fully set forth hereinafter.

### Damages Suffered by Michael Kingdom as a Result Of All Acts of Omission or Commission Set Forth in Count I.

22.

As a direct and proximate result of the acts or omission of acts by the named Defendants as set forth previously herein, Plaintiff, MICHEAL KINGDOM, has sustained the following damages:

a) That as a result of the criminal proceedings, MICHEAL KINGDOM was wrongfully discharged from and lost his full-time job with BELZONI POLICE DEPARTMENT;

b) That MICHEAL KINGDOM suffered a loss of income as a result of the Defendants' actions;

c) That MICHEAL KINGDOM suffered extreme embarrassment and a diminishment of reputation and standing in the community as a result of the criminal charges instituted at the insistence of the named Defendants; and

d) That MICHEAL Kingdom suffered extreme mental anguish and emotional distress as a result of the criminal charges instituted at the insistence of the named Defendants.

Count II

[Negligence]

23.

The Plaintiff hereby adopts the allegations contained and set forth in Paragraphs 1 through 20 hereinabove by reference the same as if fully set forth herein.

24.

That Defendants, HUMPHREY'S COUNTY SHERIFF'S DEPARTMENT AND HUMPHREY'S COUNTY were negligent with the handling of their investigative actions, resulting in the criminal charge being filed against MICHEAL KINGDOM.

## Causation as to Count II

25.

As a direct and proximate result of the aforementioned acts of negligence, the Plaintiff, MICHEAL KINGDOM, has suffered and sustained damages, as are more fully set forth hereinafter.

## Damages Suffered by Michael Kingdom Based Upon the Defendants' Negligence

26.

As a direct and proximate result of the acts of the Defendants as set forth in Count II, the Plaintiff, MICHEAL KINGDOM, sustained the following damages:

a).    Plaintiff has incurred a loss of liberty as a result of criminal charges instituted by the named Defendants;

b).    That as a result of the criminal proceedings, Michael Kingdom was wrongfully discharged from and lost his full-time job with BELZONI POLICE DEPARTMENT;

c).    That MICHEAL KINGDOM suffered a loss of income as a result of the Defendants' actions;

d).    That MICHEAL KINGDOM suffered extreme embarrassment and a diminishment of reputation and standing in the community as a result of the criminal charges instituted at the insistence of the named Defendants; and

e).    That MICHEAL KINGDOM suffered extreme mental anguish and emotional distress as a result of the criminal charges instituted at the insistence of the named Defendants.

### Count III
### [Fourth and Fourteenth Amendment]

27.
Plaintiff, MICHEAL KINGDOM, hereby adopts the allegations contained and set forth in Paragraph 1 through 23 hereinabove by reference to the same as if fully set forth herein.

28.
The Defendants, Humphrey's County Sheriff's Department and Humphrey's County, by and through its deputies, employees and agents, caused the Plaintiff to be arrested without probable cause. That the Defendants, having been certified as law enforcement officers, knew or should have known, that it was unlawful to arrest a police officer without requesting a probable cause hearing be held to determine whether probable cause existed as specifically required by Section 99-3-28 of the Mississippi Code Annotated. That an arrest without probable cause was unlawful and violative of the Plaintiff's constitutional as delineated in both the Fourth and Fourteenth Amendments to the United States Constitution.

## Damages Suffered by Michael Kingdom as a Result
## Of All Acts of Omission and Commission Set Forth in Count III

29.

As a direct and proximate cause of the acts of the Defendants as set forth in Count III, the Plaintiff, MICHEAL KINGDOM, sustained the following damages;

a).    Plaintiff was subjected to arrest that was in violation of both his Fourth and Fourteenth Amendment rights and was unlawful.

b).    That as a result of the criminal proceedings, MICHEAL KINGDOM was wrongfully discharged or terminated from his full-time job with the BELZONI POLICE DEPARTMENT;

c).    That MICHEAL KINGDOM suffered a loss of income as a result of the Defendants' actions;

d)    That MICHEAL KINGDOM suffered extreme embarrassment and a diminishment of reputation and standing in the community as a result of the criminal charges instituted at the insistence of the named Defendants;

e).    That MICHEAL KINGDOM suffered extreme mental anguish and emotional distress as a result of the criminal charges instituted at the insistence of the named Defendants.

## Count IV
## (Wrongful Termination)

30.

Plaintiff, MICHEAL KINGDOM, hereby adopts the allegations contained and set forth in Paragraph 1 - 29 hereinabove by reference to the same as if fully set forth herein.

### Damages Suffered by Michael Kingdom as a Result Of All Acts of Omission or Commission Set Forth in Count IV

a).    That as a result of the criminal proceedings, Michael Kingdom was wrongfully discharged from and lost his full-time job with BELZONI POLICE DEPARTMENT

b).    That MICHEAL KINGDOM suffered a loss of income as a result of the Defendant, CITY OF BELZONI'S actions;

c).    That MICHEAL KINGDOM suffered extreme embarrassment and a diminishment of reputation and standing in the community as a result of the criminal charge instituted at the insistence of the named Defendants; and

### Count V
### (Punitive Damages)

31.

That because of the named Defendants' malicious actions as set forth in the counts above and furthermore, because their conduct against MICHEAL KINGDODM was so callous and outrageous, and since the acts previously set forth were the sole and proximate cause of the damages to the Plaintiff as set forth herein, the named Defendants should be liable to the Plaintiff for punitive damages, his reasonable attorney's fees, and necessary and reasonable out-of-pocket expenses in bringing this action and all costs of Court associated herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands Judgment against the Defendants for punitive damages in an amount which a jury deems proper, all of his reasonable attorney's fees and necessary out-of-pocket expenses in bringing this action, and all costs of Court associated herewith. Plaintiff demands damages to the sum of $2,000,000.00 dollars and punitive damages in the amount of $5,000,000.00 dollars. Plaintiff further demands a trial by jury for all causes of action set forth herein

RESPECTFULLY SUBMITTED, this the ___3___ day of __May__ 2019.

                                            Michael Kingdom Plaintiff

                                            _/s/ Eric Charles Hawkins_
                                            ERIC CHARLES HAWKINS,
                                            JASON E. CAMPBELL,
                                            ATTORNEYS FOR PLAINTIFF

OF COUNSEL:
ERIC C. HAWKINS MSB# 8368
HAWKINS LAW OFFICE
249 S. POPLAR ST
GREENVILLE, MS 38701
(662) 335-2102

CAMPBELLL LAW FIRM, P.A.
585 TENNESSEE GAS RD, SUITE 1
GREENVILLE, MS 38701
662-537-4921